**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CHESTER WILDER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:16-CV-207-L-BH |
| ) | |
| RAY MABUS, Secretary of the ) | |
| Department of the Navy, ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated January 29, 2016, this *pro se* case was referred for full case management. Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

## I. BACKGROUND

On January 26, 2016, the plaintiff filed this *pro se* case against the defendants and paid the filing fee. On February 1, 2016, the Court issued an order stating, in relevant part:

> Because he paid the fee, the plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If a defendant is not served within 120 days after the filing of the complaint, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiff does not file a valid return of service or otherwise show that each defendant was properly served, this action may be dismissed against that defendant.

(*See* doc. 6.) The order also directed the clerk to mail the plaintiff summons forms and a copy of Rule 4. (*Id.*) The docket reflects that a copy of the summons form was served with the order.

The plaintiff failed to file a valid return of service on the defendants within 120 days of the filing of the complaint. The Court issued an order on June 27, 2016, directing the plaintiff to show

cause in writing no later than July 11, 2016, for his failure to comply with the service requirements of Rule 4. (*See* doc. 9.) The order expressly stated that if the plaintiff failed to comply with its terms by filing a valid return of service as to the defendants or by showing good cause in writing why service could not be timely made, dismissal of the case would be recommended without further notice. As of this date, the plaintiff has still not filed a valid return of service to show that he has served the defendants or shown cause in writing for his failure to do so.

## II. ANALYSIS

Because he paid the fee, the plaintiff was responsible for serving each defendant with a summons and a copy of the complaint case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. He was required to make proper service on the defendants within 120 days of filing his complaint in March 2015. *See* Fed. R. Civ. P. 4(m).[1] He was also required to file proof of service with the Court unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.*

Where proper service is not made within 120 days of filing a complaint, an action is subject to *sua sponte* dismissal without prejudice by the court with notice to the plaintiff. Fed.R.Civ.P. 4(m). Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service, and a court should extend the time to serve the defendant however. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)

---

[1] The rule was amended effective December 1, 2015, to reduce the presumptive time for serving a defendant from 120 days to 90 days.

(quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)).  A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed.  *Hickman v. U.G. Lively,* 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Here, more than 120 days have passed since the plaintiff filed this action, but he has not complied with Fed. R. Civ. P. 4(m) by timely serving the defendants and/or filing proof of valid service despite notice that failure to do so could result in dismissal of the case.  Nor has he shown cause for her failure to serve the defendants or to file proof of service.

### III.  CONCLUSION

This case should be **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 18th day of July, 2016.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE